Filed 12/4/2015 3:10:29 PM
Sherry Griffis
District Clerk
Harrison County, Texas

Mary Durham Deputy

**CAUSE NO. 15-0757**

| | | |
|---|---|---|
| TOBY THOMPSON AND MARY THOMPSON | § § § | 71ST JUDICIAL DISTRICT COURT |
| VS | § § | OF |
| AMCO Insurance Company | § | HARRISON COUNTY, TEXAS |

### PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Toby Thompson and Mary Thompson, hereinafter referred to as Plaintiffs and make and file this their Original Petition complaining of AMCO Insurance Company, hereinafter referred to as Defendant and for causes of action would respectfully show the Court and Jury as follows:

I.

**PARTIES:**

The Plaintiffs, Mary Thompson and Toby Thompson are adult residents of Marshall, Harrison County, Texas. The Defendant, AMCO Insurance Company is an insurance company and can be served through its registered agent, Corporation Service Company 505 5th Avenue, Suite 729, Des Moines, Iowa, 50309.

II.

**VENUE:**

This Court has jurisdiction and venue of this cause of action in accordance with Chapter 15, <u>Texas Civil Practice & Remedies Code</u>, because the cause of action herein complained of accrued in Harrison County, Texas. This case should be designated a Level 2 discovery case.

TRUE AND CORRECT COPY

EXHIBIT F

III.

SCENE:

The calamity giving rise to Plaintiffs' cause of action occurred on or about September 30, 2014 in Harrison County, Texas. Mr. Paul Spivey was traveling on US 80 when he crossed over the center line and drove into the truck that Mr. Toby Thompson was driving.

IV.

NEGLIGENCE:

Each and every following act or omission of negligence was committed by Paul Spivey and each constitutes negligence or negligence per se, and operated singularly or collectively to proximately cause the injuries and damages sustained by the Plaintiffs, Toby Thompson and Mary Thompson as follows:

1. In failing to keep such a lookout as would have been kept by a person exercising ordinary care and prudence under the same or similar circumstances.

2. In failing to make such a timely and proper application of the brakes as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances.

3. In violating the provisions of Sec. 545.060. DRIVING ON ROADWAY LANED FOR TRAFFIC. (a) An operator on a roadway divided into two or more clearly marked lanes for traffic: (1) shall drive as nearly as practical entirely within a single lane; and (2) may not move from the lane unless that movement can be made safely.

V.

It will be further shown to the Court and Jury that the vehicle being driven by Paul Spivey was operated on the public streets of Texas, when such automobile was not covered by adequate automobile liability insurance. Plaintiff, Toby Thompson's, employer

had purchased an automobile insurance policy from Defendant and said insurance policy contained under-insured motorist coverage, which protected Plaintiffs from such under-uninsured drivers. Such insurance coverage is applicable to the collision made the basis of this lawsuit since Defendant had heretofore issued its policy covering the Plaintiff, and and contracted with Plaintiff, Toby Thompson's, employer to pay Toby Thompson all damages caused him by a negligent under-insured driver. All conditions precedent to Toby and Mary Thompson recovering from Defendant have been met.

VI.

INJURIES AND DAMAGES:

Your Plaintiff, Toby Thompson, sustained injuries to his body which have caused him to suffer pain, mental anguish, physical impairment, and disfigurement in the past and will in reasonable probability cause him to suffer pain, mental anguish, physical impairment, and disfigurement in the future; Toby Thompson was caused to undergo and incur medical expenses in the past and in reasonable probability into the future which were and will be reasonable in the vicinities where rendered; Toby Thompson has suffered a loss of earning capacity in the past and will in reasonable probability continue to have a loss of earning capacity in the future. Your Plaintiff, Mary Thompson, the wife of Toby Thompson, suffered loss of consortium as that term is defined by law as result of the terrible injuries suffered by her husband. Toby Thompson's injuries caused the Plaintiffs the loss of Toby's household services and caused Mary Thompson to be required to provide extensive home healthcare for her husband Toby. Your Plaintiffs' harms and losses require adequate compensation to be an amount in excess of $200,000.00 but not more than $1,000,000.00 which amount is within the minimum jurisdictional limit of this Court. Plaintiffs seek pre and post judgment interest as allowed by law.

TRUE AND CORRECT COPY

VII.

Plaintiff says that if at the time the accidental injuries above enumerated were sustained, he was suffering from arthritis or any other disease or condition, then that the same was not disabling but that the injuries complained of herein caused such disease or condition to become aggravated, excited or accelerated in such a way so that it also became a producing cause of Plaintiff's disabilities.

VIII.

Pursuant to Tex. R. Civ. P. 193.7, Plaintiffs intend to use all documents exchanged and produced between the parties including, but not limited to, correspondence and discovery responses, during the trial of the above-entitled and numbered cause.

IX.

Pursuant to Rule 194, you are requested to disclose within 50 days after service of this Petition on you, the information and material described in Rule 194.2 Texas Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that Defendant be cited in terms of law, and upon final hearing be granted a judgment against the Defendant for a sum of money as requested above and for such other and further relief as to which the jury may deem just and fair plus pre and post judgment interest thereon at the legal rate until paid in full, for execution thereon, for all costs of Court for this cause incurred, and for such other and further relief to which parties may show themselves to be justly entitled.

TRUE AND CORRECT COPY

Respectfully submitted,

LAW OFFICES OF JIM AMMERMAN II
209 W. Rusk
Marshall, Texas 75670
Tel. No. (903) 938-2398
Fax No. (903) 938-2455

By: _____
Jim Ammerman II, Attorney for Plaintiffs
State Bar No. 01157700

A TRUE COPY
of the Original hereof, I certify
*Sherry Griffis*
District Court Clerk
Harrison County, Texas
_____
Deputy Clerk